Sullivan. }
May 5, 1908. }

DARLING v. NEWPORT ELECTRIC LIGHT CO.

An electric light company which mutilates shade trees on private premises
without the owner's consent is liable therefor in an action of trespass,
unless there has been an adjudication of necessity, an assessment of dam-
ages, and payment or tender thereof, in conformity with section 5, chapter
81, Public Statutes.

TRESPASS *quare clausum.* Plea, the general issue, with a brief
statement that the defendant was licensed by the selectmen of
Newport to erect and maintain poles and wires on Summer street
in that town, and that the alleged trespass consisted of acts legal-
ized by the license. Trial by the court and verdict for the plain-
tiff. Transferred from the November term, 1907, of the superior
court by *Chamberlin,* J.

The plaintiff's close is on Summer street, and the defendant
cut limbs from his shade tree which stood near the line of the
street. The defendant's poles were in the street, and the wires
were strung upon cross-arms. This brought them close to the
plaintiff's tree. Before the alleged trespass the town had voted to
install a light on Summer street. To do this it was necessary to
erect poles and string wires past the plaintiff's close, but this could
have been properly done without interfering with the tree. The
cutting was without the plaintiff's consent, and without other
authority than that already stated.

The defendant moved for judgment because an action of tres-
pass could not be maintained and because the plaintiff's remedy
was by petition to the selectmen for an assessment of his damages.
The motion was denied, subject to exception.

*George R. Brown,* for the plaintiff.

*Jesse M. Barton,* for the defendant.

PEASLEE, J. It is not necessary to consider in this case what
the relative right of these parties would be at common law. The
defendant might have obtained a right to maintain its poles and
wires in the manner prescribed by the statute. P. S., c. 81. It
was prohibited from erecting them without so securing the right.
*Ib., s.* 1.

Granting that the implied license to erect its line in Summer
street could be held to be a compliance with the provision that the

selectmen shall "grant a license for such time as they deem expedient," and "shall fix and state therein the size and location of such poles and structures, the distances between them, the number of wires to be used, and their distance above or below the surface of the highway" (*Ib.; s.* 2), it could not be extended to cover the present case.

"No person or corporation shall have a right to cut, mutilate, or injure any shade or ornamental tree for the purpose of erecting or maintaining their line, without consent of the owner of the land on which it grows; or, if his consent cannot be obtained, unless the selectmen, upon petition, after notice to and hearing the parties, decide that the cutting or mutilation is necessary, and assess the damages that will be occasioned the owner thereby, nor until the damages are paid or tendered." *Ib., s.* 5. There is no pretence of a compliance with this statute. The justification fails, and the defendant stands no better than any other trespasser. *Strickford* v. *Railroad,* 73 N. H. 81, 83. The abutter has such possession that he may maintain trespass against any one cutting his trees, or in any way invading his possession. *Bigelow* v. *Whitcomb,* 72 N. H. 473, 476.

The provision that any person "damaged in his estate by the erection of any poles or other structures, or by the stringing of any wires for which license is granted," may apply to the selectmen to assess his damages (P. S., *c.* 81, *s.* 6), applies only to acts done by virtue of a license. "If a person is damaged in his estate by a license or any act done under it, he may have his damages assessed by the selectmen." *American Loan & Trust Co.* v. *Electric Co.,* 71 N. H. 192, 200. To hold that under this provision one who has obtained a location under section 2 may cut shade trees and put the owner to his appeal to the selectmen to obtain an assessment of his damages, would be to nullify the explicit provisions found in section 5. This section was the law of this state long before section 6 was enacted (Laws 1877, *c.* 50, *s.* 2), and provides an essentially different remedy for a different situation. Under section 5 there must be an adjudication of necessity, an assessment of damages, and payment or tender thereof, before injury to shade trees can lawfully be done. Section 6 provides for obtaining compensation for injuries done to property, other than shade or ornamental trees, by virtue of a license obtained under section 2. The reason for making this distinction was doubtless the esthetic and sentimental considerations attaching to shade and ornamental trees. Prevention of injury to such property is of much more consequence than any mere assessment of money damages for a wrong actually committed.

The defendant's argument is based upon the erroneous assump-

tion that the plaintiff's rights in his trees were created by this statute (P. S., c. 81). His rights existed at common law, and the statute prohibits their invasion and limits the manner in which they may be appropriated for certain public uses. *Bigelow* v. *Whitcomb, supra.* The statute made an adjudication of necessity and the assessment and payment or tender of damages conditions precedent to cutting the plaintiff's tree. A failure to comply with these conditions made the defendant's acts unlawful. *Strickford* v. *Railroad, supra.*

*Exception overruled.*

All concurred.